## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| Katerina Belkina,<br><br>                    Plaintiff,<br><br>          v.<br><br>Guaranteed Products, Inc. d/b/a The Photo Center,<br><br>                    Defendant. | Case No:<br><br><br>JURY TRIAL DEMAND |

## COMPLAINT

Plaintiff Katerina Belkina ("*Plaintiff*"), by and through her undersigned counsel, for her Complaint against defendant Guaranteed Products, Inc. d/b/a The Photo Center ("*Defendant*") states and alleges as follows:

## INTRODUCTION

1.     This action seeks to recover damages for copyright infringement under the Copyright Act, 17 U.S.C §101 *et seq*.

2.     Plaintiff created a photograph of a young girl standing on a bench (the "*Photograph*") in which Plaintiff owns the rights and licenses for various uses including online and print publications.

3.     Defendant owns and operates a website at thephotocenter.com (the "*Website*").

4.     Defendant, without permission or authorization from Plaintiff, actively copied and displayed the Photograph on the Website and engaged in this misconduct knowingly and in violation of the United States copyright laws.

## PARTIES

5.     Plaintiff Katerina Belkina is an individual who is a citizen of Germany

and maintains a principal place of business in Germany.

6.     Upon information and belief, defendant Guaranteed Products, Inc., d/b/a The Photo Center, is a New Jersey corporation with a principal place of business at 1930 Route 88, Brick Township in Ocean County, New Jersey.

## JURISDICTION AND VENUE

7.     This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

8.     This Court has personal jurisdiction over Defendant because it maintains its principal place of business in New Jersey.

9.     Venue is proper under 28 U.S.C. §1391(b)(2) because Defendant does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## FACTS COMMON TO ALL CLAIMS

### A.    Plaintiff's Copyright Ownership

10.     Plaintiff is a professional photographer by trade who is the legal and rightful owner of certain photographs which Plaintiff commercially licenses.

11.     Plaintiff has invested significant time and money in building Plaintiff's photograph portfolio.

12.     Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's photographs while many others are the subject of pending copyright applications.

13.     Plaintiff's photographs are original, creative works in which Plaintiff owns protectable copyright interests.

14.     On June 10, 2005, Plaintiff first published the Photograph. A copy of the Photograph is attached hereto as Exhibit 1.

15.     In creating the Photograph, Plaintiff personally selected the subject matter, timing, lighting, angle, perspective, depth, lens, and camera equipment used

to capture the image and made each and every artistic determination necessary for the creation of the work.

16.    On July 8, 2024, the Photograph was registered by the USCO under Registration No. VA0002418036.

17.    Plaintiff created the Photograph with the intention of it being used commercially and for the purpose of display and/or public distribution.

**B.    Defendant's Infringing Activity**

18.    Defendant is the registered owner of the Website and is responsible for its content.

19.    Defendant is the operator of the Website and is responsible for its content.

20.    The Website is a key component of Defendant's popular and lucrative commercial enterprise.

21.    The Website is monetized in that it sells merchandise to the public and, on information and belief, Defendant profits from these activities.

22.    Upon information and belief, Defendant has not implemented adequate internal policies to verify copyright ownership before content use, indicating a gross negligence in legal compliance, which is essential for a company with Defendant's reach, capabilities, and level of sophistication.

23.    Upon information and belief, Defendant's internal policies, if any, are either not designed to verify copyright ownership before content use or are systematically ignored, indicating a willful, recurring disregard for copyright compliance.

24.    Defendant's failure to adopt or effectively enforce internal copyright policies, if any, indicates *de facto* willful infringement.

25.    On or about October 8, 2024, without permission or authorization from Plaintiff, Defendant volitionally copied and displayed the Photograph on the

Website as part of an on-line product listing at URL: https://thephotocenter.com/printing/head-shot-a2x-2s/75840?variation=2915755. A copy of a screengrab depicting the Infringement is attached hereto as <u>Exhibit 2</u>.

26.    The Photograph was copied and stored by Defendant at URL: https://cipher.dakiscdn.com/i/https://1410dd2bdd37e05ebf19-a2305060cc55ab8db83b1ef4b8835a6b.ssl.cf5.rackcdn.com/X9YYRaxIr0ThxBf0e vy8qw?w=718&h=718&p=1&a=1&q=display.

27.    The Infringement is a copy of Plaintiff's original image that was directly copied and displayed on the Website by Defendant.

28.    Plaintiff first observed the Infringement on October 22, 2024.

29.    Upon information and belief, the Photograph was copied and displayed by Defendant without license or permission, thereby infringing on Plaintiff's copyrights in and to the Photograph.

30.    The Infringement includes a URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than a transitory duration and therefore constitutes a specific infringement.

31.    Upon information and belief, Defendant takes an active and pervasive role in the content posted on its Website, including, but not limited to copying, posting, selecting, commenting on, and displaying images including but not limited to Plaintiff's Photograph.

32.    Upon information and belief, the Photograph was willfully and volitionally posted to the Website by Defendant.

33.    Upon information and belief, Defendant was aware of facts or circumstances from which the determination regarding the Infringement was apparent. Defendant cannot claim that it was not aware of the infringing activities, including the specific Infringement which forms the basis of this complaint, since

such a claim would amount to only willful blindness to the Infringement on the part of Defendant.

34.    Upon information and belief, Defendant engaged in the Infringement knowingly and in violation of applicable United States copyright laws.

35.    Upon information and belief, Defendant had complete control over and actively reviewed and monitored the content posted on the Website.

36.    Upon information and belief, Defendant has the legal right and ability to control and limit the infringing activities on its Website and exercised and/or had the right and ability to exercise such right.

37.    Upon information and belief, Defendant has received a financial benefit directly attributable to the Infringement.

38.    Upon information and belief, the Infringement increased traffic to the Website and, in turn, caused Defendant to realize an increase in its business revenues and/or merchandise sales.

39.    Upon information and belief, a large number of people have viewed the unlawful copy of the Photograph on the Website.

40.    Upon information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

41.    Defendant's use of the Photograph harmed the actual market for the Photograph.

42.    Defendant's use of the Photograph, if widespread, would harm Plaintiff's potential market for the Photograph.

43.    On November 19, 2024, Plaintiff, via counsel, served a letter seeking to address the complaints contained herein concerning Defendant's infringement of Plaintiff's rights-protected work.

44.    Thereafter, on December 19, 2024, Plaintiff, via counsel, served a follow up letter seeking to address said complaints directly with Defendant in

attempt to avoid litigation.

45.    Despite Plaintiff's efforts and willingness to address Defendant's infringing activity, Defendant failed to respond, and Plaintiff was forced to seek judicial intervention for Defendant's infringing activity.

46.    As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

## **FIRST COUNT**
### *(Direct Copyright Infringement, 17 U.S.C. §501 et seq.)*

47.    Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

48.    The Photograph is an original, creative work in which Plaintiff owns a valid copyright.

49.    The Photograph is properly registered with the USCO and Plaintiff has complied with all statutory formalities under the Copyright Act and under regulations published by the USCO.

50.    Plaintiff has not granted Defendant a license or the right to use the Photograph in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyright to Defendant.

51.    Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

52.    Defendant's reproduction of the Photograph and display of the Photograph constitutes willful copyright infringement.

53.    Upon information and belief, Defendant willfully infringed upon Plaintiff's copyrighted Photograph in violation of Title 17 of the U.S. Code, in that

Defendant used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, Plaintiff's original and unique Photograph without Plaintiff's consent or authority.

54.     As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each infringement pursuant to 17 U.S.C. § 504(c).

55.     As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant.

56.     As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of Plaintiff's copyright pursuant to 17 U.S.C. § 502.

## JURY DEMAND

57.     Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that the Court enters a judgment finding that Defendant has infringed on Plaintiff's rights to the Photograph in violation of 17 U.S.C. §501 *et seq.* and therefore award damages and monetary relief as follows:

      a.     finding that Defendant infringed Plaintiff's copyright interest in and to the Photograph by copying and displaying it without a license or consent;

      b.     for an award of actual damages and disgorgement of all of

Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

c.    for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works;

d.    for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

e.    for pre-judgment interest as permitted by law; and

f.    for any other relief the Court deems just and proper.

DATED: February 18, 2025

**SANDERS LAW GROUP**

By:   _/s/ Craig Sanders_
Craig Sanders, Esq.
333 Earle Ovington Blvd, Suite 402
Uniondale, NY 11553
Tel: (516) 203-7600
Email: csanders@sanderslaw.group
File No.: 131074

_Attorneys for Plaintiff_

8